# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | No. 3:12cv1753 |
| **MACHNE MENACHEM, INC.,** | : | |
| Debtor | : | (Judge Munley) |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| **MACHNE MENACHEM, INC.,** | : | (Bankruptcy Appeal) |
| Appellant | : | |
| v. | : | |
| **MARK J. CONWAY and LAW** | : | |
| **OFFICES OF MARK J. CONWAY**, | : | |
| Appellees | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is Machne Menachem, Inc.'s appeal from Bankruptcy Judge John J. Thomas's decision denying Debtor's Motion for Disgorgement of Trustee Fees and Trustee's Attorney's Fees. (Doc. 1). Having been fully briefed, the appeal is ripe for disposition. For the following reasons, the appeal will be denied.

**Background**

Debtor/Appellant Machne Menachem, Inc. (hereinafter "Appellant") initiated a Chapter 11 bankruptcy case on December 6, 2001. The bankruptcy court appointed Mark J. Conway as the Chapter 11 Trustee on August 1, 2006, and the court appointed the Law Office of Mark J. Conway as Trustee's Counsel on August 11, 2006 (hereinafter Mark J. Conway and Law Office of Mark J. Conway are referred to collectively as "Appellees"). The appellant proceeded through the bankruptcy proceeding, and the bankruptcy court approved the appellant's plan of

reorganization on October 5, 2006.[1]

After the reorganization plan's confirmation, the Trustee filed a Motion to Define Chapter 11 Trustee's Continuing Role on January 19, 2007. (Doc. 2-6). The court ordered that "the Trustee's responsibilities are defined and limited to that of disbursing agent[.]" (Doc. 8-1, Appellant's Appendix at A9). The Trustee continued to serve in this role until 2011 when he resigned. (Doc. 2-9, Disbursing Agent's Notice of Resignation and Motion to Pay Money in the Court).

The plan of reorganization escrowed $100,000 for unclassified administrative expenses, such as fees and expenses for the Trustee and Trustee's Counsel. (Doc. 12-1, Plan of Reorganization ¶ 5(a)). The Trustee sought interim fees and expenses in an application filed with the bankruptcy court on May 10, 2007. (Doc. 2-1). The fee and expenses application covered the period of July 21, 2006 through December 31, 2006. (Id.)[2] The court granted the application as to the fees expended up to the day that the plan of reorganization was confirmed, October 5, 2006. (Doc. 2-21). The bankruptcy court denied the request for fees and expenses covering the post-confirmation period, without prejudice to the Trustee seeking those fees and expenses at the time of a final application. (Id.)

Also in May 2007, the Trustee filed a fee and expense application for

---

[1] It was actually the Modified Second Amended Plan of Reorganization. For the sake of simplicity we will refer to it as the plan of reorganization.

[2] The total sought by the trustee in this application was $38,054.40 in fees and $10.00 in expenses. (Doc. 2-1).

2

Trustee's Counsel fees.[3] (Doc. 2-5). This application covered the period of time through the end of 2006. (Id.) The court approved this application on October 23, 2008. (Doc. 2-16).

The Trustee filed a second interim application for Trustee's Counsel fees and expenses on November 10, 2010. (Doc. 2-23). The application covered the time period of January 1, 2007 through July 31, 2010.[4] (Id.) The bankruptcy court denied the application without prejudice at a hearing on January 6, 2011. (Doc. 2-24, Tr. of Jan. 6, 2011 hearing, at 21).[5] The Trustee paid these Trustee Counsel fees and expenses on February 19, 2011. (Doc. 2-7, ¶ 10). On February 23, 2011, the Trustee filed a "Disbursing Agent's Notice of Resignation and Motion to Pay Money in the Court." (Doc. 2-9). The court granted the motion on April 7, 2011. (Doc. 2-20).

Over a year later, on April 20, 2012, the appellant filed a Motion for Disgorgement of Trustee Fees and Trustee's Attorney's Fees seeking what the debtor deemed excess payments to the Trustee and to Trustee's Counsel in the amount of $78,770.13.[6] (Doc. 2-7). The bankruptcy court

---

[3] The total Trustee Counsel's fees and expenses sought was $36,553.50 in fees and $451.30 in expenses. (Doc. 2-21).

[4] This application sought $22,129.50 in fees and $319.90 in expenses. (Doc. 2-23).

[5] The judge issued an order officially denying the motion on February 25, 2011. (Doc. 2-17).

[6] The total of $78,770.13 represents the followed alleged over payments or otherwise improper payments: 1) $22,355.50 overpayment in trustee counsel fees granted on October 23, 2008; 2) $341.36 in alleged overpayment in trustee counsel expenses on October 23, 2008; 3)

3

denied the motion for disgorgement on the basis that the court "lacks jurisdiction to adjudicate this Motion under the guidance of *Resorts International, Inc. v. Price Waterhouse & Co., LLP (In re Resorts International, Inc.)*, 372 F.3d 154 (3rd Cir. 2004)." (Doc. 2-18).  The court held that its jurisdiction after the confirmation of a Chapter 11 plan of reorganization is limited and does not extend to matters involving Trustee's or Trustee's Counsel's fees and expenses.  Appellant appeals that order to this court.

**Jurisdiction**

We have jurisdiction over the instant bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1), which provides that the district courts of the United States have jurisdiction to hear appeals from final judgments, orders and decrees of the bankruptcy courts.

**Standard of Review**

This court reviews the bankruptcy court's conclusions of law *de novo*. In re O'Brien Envtl.Energy, Inc., 188 F.3d 116, 122 (3d Cir. 1999).  The bankruptcy court's findings of fact will only be set aside if clearly erroneous.  FED. R. BANKR. P. 8013 ("On appeal the district court...may affirm, modify, or reverse a bankruptcy judge's judgment order, or decree

---

$22,129.50 in trustee counsel fees for the period from 2007 through July 31, 2010; 4) $319.90 in trustee counsel expenses for the period from 2007 through July 31, 2010; 5) $3,114.50 in trustee counsel fees for the period from August 10, 2010 through February 19, 2011; 6) $52.80 in trustee counsel expenses for the period from August 10, 2010 through February 19, 2011; 7) $30,419.00 in trustee fees for the period from August 10, 2010 through February 19, 2011; and 8) $37.77 in trustee expenses from October 6, 2006 through February 19, 2011.  (Doc. 2-7, Debtor's Mot. For Disgorgement, ¶ 20).

or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."); In re O'Brien, 188 F.3d at 122.

**Discussion**

This case involves the extent of the bankruptcy court's jurisdiction in the period after the debtor's Chapter 11 plan of reorganization has been confirmed. As noted above, the bankruptcy court confirmed the appellant's bankruptcy plan in 2006. The instant matter involves fees and expenses disbursed by the bankruptcy trustee to the Trustee and Trustee's Counsel for work done after the plan was confirmed up through February 19, 2011. The bankruptcy court indicated in various hearings and orders involving these post-confirmation fees and expenses that it has limited jurisdiction after the plan of reorganization is confirmed.

At the January 2011 hearing, Judge Thomas stated: "Normally the role of the court post confirmation is very limited. And there's nothing in the plan that says I have to approve post confirmation fees." (Doc. 2-24, at 17). "I don't see any need for me to approve [the fees]." (Id. at 18). "But, frankly, I never anticipated I'd be the one to have to approve it, it's not in the plan that I have to approve those kind of--again, it's--to me, it's a matter between the corporation, the debtor, the proponent, perhaps the new entity, and yourself. And if there's a problem, normally it's litigated in State Court." (Id. at 19).

He reiterated his position at the July 16, 2012 hearing:

5

> [M]y recollection [of the terms of the plan] was that there was no provision in the plan that suggested that I would be reviewing professional fees . . . ongoing. If I had any linkage to authority or jurisdiction, that would probably be my link that that responsibility or duty would be important to the confirmation and implementation of the plan, but that's not in there.
>
> I'm still of the mind that I don't really have jurisdiction to deal with post confirmation activities of professionals.

(Doc. 8-1, N.T. July 16, 2012 at 23-25).

Judge Thomas proceeded to explain: "Post confirmation, frankly, I don't really see myself having jurisdiction of that issue. I'm sure there's a court out there that may, but I don't see myself having jurisdiction of dealing with . . . post October 5, 2006 services performed by [the trustee]." (Id. at 26-27).

Thus, the bankruptcy court held that it did not have jurisdiction to decide post-confirmation fees and expenses for the Trustee and Trustee's Counsel. Appellant argues that post-confirmation jurisdiction is broader than the bankruptcy court held.[7] Appellees agree with the bankruptcy court. After a careful review, we agree with the appellees that the bankruptcy court does not have jurisdiction over the instant matter.

Bankruptcy courts derive their jurisdiction from federal statutes. The

---

[7]Appellant argues that not only does the bankruptcy court have jurisdiction, but that it should have granted its motion to disgorge. (See Doc. 8, Appellant's Opening Brief at 14-17) (arguing that the trustee exceeded his authority). We will limit our analysis, however, to whether the bankruptcy court lacked jurisdiction. If we conclude that it does have jurisdiction, we will remand the motion to the bankruptcy court for a ruling on the merits.

6

law generally provides that jurisdiction over Chapter 11 bankruptcy matters is held in the district courts. 28 U.S.C. § 1334 ("[T]he district courts shall have original and exclusive jurisdiction of all cases under title 11"). Congress, however, has authorized district courts to refer all such cases to the bankruptcy courts. 28 U.S.C. § 157. Specifically, this statute provides: "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges of the district." 28 U.S.C. § 157. The United States District Court for the Middle District of Pennsylvania has referred all such matters to the bankruptcy court. US Dist. Ct. MDPA Standing Order No. 84-0203. This order refers to the bankruptcy judges "all cases under Title 11 and any and all proceedings arising under Title 11 or arising in or related to a case under Title 11[.]" Id.

The law provides that the bankruptcy court's post-confirmation jurisdiction is limited. In other words, such jurisdiction does not extend indefinitely. In re: Resorts Int'l, Inc., 375 F.3d 154, 164 (3d Cir. 2004). "[T]he jurisdiction of non-Article III bankruptcy courts is limited after confirmation of a plan. But where there is a close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution, or administration of a confirmed plan or incorporated litigation trust agreement, retention of post-confirmation bankruptcy court jurisdiction is normally appropriate." Id. at 168-69. If the proceeding "affects only matters collateral to the bankruptcy process" then the bankruptcy court does not have jurisdiction. Id. at 169.

More particularly, the Third Circuit Court of Appeals has explained:

7

> Bankruptcy court jurisdiction potentially extends to four types of title 11 matters, pending referral from the district court: (1) cases under title 11, (2) proceeding arising under title 11, (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11. Cases under title 11, proceedings arising under title 11, and proceedings arising in a case under title 11 are referred to as "core" proceedings; whereas proceedings "related to" a case under title 11 are referred to as "non-core" proceedings.

Id. at 162.

Thus, a proceeding may be a "core" proceeding or a "non-core"/ "related to" proceeding. We need only apply the test for a "non-core"/"related to" proceeding, however, as that is the broadest of the jurisdictional theories. If the case does not fall under this jurisdictional doctrine, then the bankruptcy court lacks jurisdiction. In re: Resorts Int'l., 372 F.3d at 165 ("Non-core 'related to' jurisdiction is the broadest of the potential paths to bankruptcy jurisdiction, so we need only determine whether a matter is at least 'related to' the bankruptcy.").

The law provides that "[n]on-core proceedings include the broader universe of all proceedings that are not core proceedings but are nevertheless 'related to' a bankruptcy case." Halper, 164 F.3d at 837. "With 'related to' jurisdiction, Congress intended to grant bankruptcy courts comprehensive jurisdiction so that they could deal efficiently and expeditiously with matters connected with the bankruptcy estate. Nonetheless, a bankruptcy court's 'related to' jurisdiction cannot be limitless." In re: Resorts Int'l, Inc., 372 F.3d at 163-64 (internal citations and quotation marks omitted). The "related to" test asks if the outcome of the proceeding could have any conceivable effect on the bankruptcy

8

estate.  Id.  We find that the outcome of this proceeding will have no conceivable effect on the bankruptcy estate.

In support of their positions, appellees cite to In re: Resorts International, Inc.  In Resorts, the debtor's confirmed bankruptcy plan established a litigation trust for the benefit of certain creditors.  Id. at 157.  The Litigation Trustee hired Price Waterhouse as the accounting firm to perform certain auditing work for the trust.  Id. at 158.  The Litigation Trustee eventually sued Price Waterhouse for malpractice.   It alleged that Price Waterhouse had erroneously reported in its audit reports that interest that had accrued on the Litigation Trust accounts belonged to the debtor and not the Litigation Trust.  Id.  The issue the Third Circuit addressed was whether the bankruptcy court had jurisdiction over this post-confirmation malpractice action.

In analyzing the case, the court examined non-core/related to jurisdiction because that is the broadest aspect of bankruptcy jurisdiction, and if the matter is not related to the bankruptcy, jurisdiction does not exist.  Id. at 163.  The court explained that with regard to "related to" jurisdiction "the essential inquiry appears to be whether there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold bankruptcy court jurisdiction over the matter."  Id. 166-67.  For jurisdiction to be found post-confirmation, "the claim must affect an integral aspect of the bankruptcy process[.]"  Id. at 167.

The court found no jurisdiction over the malpractice action, because the bankruptcy plan and trust agreement merely provided the context of the case.  There was a "bare factual nexus" and that was insufficient to confer bankruptcy jurisdiction.  Id. at 170. Likewise, in the present case, the existence of a "bare factual nexus" between the dispute and the

9

reorganization plan precludes the bankruptcy court from exercising jurisdiction.

Here, administrative expenses are provided for in the plan of reorganization. (Doc. 12-1, Plan of Reorganization). The provision for trustee's administration fees is provided for in Article V of the Plan entitled "Means of Execution of the Plan." The fees are to be paid from an escrow account of $100,000. The plan proponent placed these funds in the escrow account. If the fees turn out to be more than $100,000 then the proponent will pay the overage and if the fees are less than $100,000 the funds revert back to the proponent. (Id. ¶ 5.1). The proponent of the plan is Yaakov Spritzer, not the appellant/debtor. (Id. ¶ 1.20). This escrow fund for administration of the estate is handled by the proponent and has no effect whatsoever on the debtor or the debtor's estate. Thus, there is no "related to" jurisdiction in the bankruptcy court.

In support of its position, the appellant cites to a Third Circuit case that addresses the issue of whether the Bankruptcy Court had jurisdiction over statutory post-confirmation trustee's fees. United States Trustee v. Gryphon at the Stone Mansion, Inc., 166 F.3d 552 (3d Cir. 1999). The Third Circuit concluded that the bankruptcy court did have jurisdiction. The facts of the instant case, however, necessitate a different result.

In Gryphon, the court addressed a federal statute which, *inter alia*, imposed post-confirmation trustee's fees in all pending Chapter 11 cases. See 28 U.S.C. § 1930(a)(6). Id. at 554. In Gryphon, the debtor confirmed its plan of reorganization in June 1995. Id. The debtor moved for entry of a final order to close the case in April 1996. The trustee objected because the post-confirmation trustee fees had not yet been paid. Id. The Bankruptcy Court held that it lacked jurisdiction of the post-confirmation

trustee fees. Id. at 555. The District Court reversed and remanded, concluding that the trustee's action to enforce the post-confirmation fee provision is "related to" or "arising in" the bankruptcy, and thus the Bankruptcy Court had jurisdiction. Id. 555-56. The Third Circuit agreed that the Bankruptcy Court did have jurisdiction. The court explained that:

> A matter is "related to" a chapter 11 case if it could conceivably have any effect on the estate being administered in bankruptcy. . [In other words the test is] whether the outcome of the case could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate. The trustee's award of fees clearly satisfies this test because it directly relates to the debtor's liabilities - in fact it creates a liability - and could impact the handling and administration of the estate.

Id. at 556 (internal quotation marks and citations omitted).

The court further held that finding that the fee issue was related to a bankruptcy was sufficient to establish the bankruptcy court's jurisdiction. Additionally, the fee issue "arose in" in bankruptcy, which is another basis for the bankruptcy court's jurisdiction. Id. "Proceedings 'arise in' bankruptcy if they have no existence outside of the bankruptcy." Id.

The Resorts court, which we addressed above, distinguished Gryphon and explained that jurisdiction was proper in Gryphon with regard to trustee fees "because it involved a United States Trustee's action to enforce a post-confirmation fee provision and created a liability for the debtor." In re: Resorts, 372 F.3d at 167. Moreover, unlike the trustee fees in Gryphon, the right to the fees in the present case does not "arise in" the federal bankruptcy statutes. Additionally, the fees do not create a liability for the debtor; they are paid by the proponent. In short, the fees do not affect the debtor's estate. Thus, no close nexus exists between the

11

bankruptcy reorganization plan and the dispute. The absence of such a nexus precludes the bankruptcy court from exercising jurisdiction.

Therefore, we agree with the Bankruptcy Court that it does not have jurisdiction over the post-confirmation fees. Accordingly, the appeal will be denied.[8] An appropriate order follows.

---

[8]The appellee raises a statute of limitations issue. As this issue was not addressed by the bankruptcy court, and as we find the court lacks jurisdiction anyway, we will not address the statute of limitations issue.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | No. 3:12cv1753 |
| **MACHNE MENACHEM, INC.,** | : | |
| Debtor | : | (Judge Munley) |

| | | |
|---|---|---|
| **MACHNE MENACHEM, INC.,** | : | (Bankruptcy Appeal) |
| Appellant | : | |
| v. | : | |
| **MARK J. CONWAY and LAW** | : | |
| **OFFICES OF MARK J. CONWAY**, | : | |
| Appellees | : | |

## ORDER

**AND NOW**, to wit, this 23rd day of April 2013, Machne Menachem, Inc.'s appeal of Bankruptcy Judge John J. Thomas's decision denying the Motion of Debtor for Disgorgement of Trustee Fees and Trustee's Attorney's Fees is hereby **DENIED**. The Clerk of Court is directed to enter judgment in favor of Mark J. Conway and Law Offices of Mark J. Conway and against Machne Menachem, Inc. The Clerk of Court is further directed to close this case.

                                                  **BY THE COURT:**

                                                  **s/ James M. Munley**
                                                  **JUDGE JAMES M. MUNLEY**
                                                  **United States District Court**